RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/1/15
      YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDY PAUL DAVIS (#581779) | DOCKET NO. 15-cv-918; SEC. P |
| VERSUS | JUDGE DRELL |
| MATTHEW ROBERTSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Randy Paul Davis filed the instant civil rights complaint in forma pauperis, and pursuant to 42 U.S.C. §1983. Plaintiff is a detainee at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. He has filed nine civil suits in this court since March 4, 2015. In the captioned matter, he complains that he is being wrongfully detained, and he seeks a release from custody as well as monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations and Background Information*

On October 25, 2013, Plaintiff was released from jail on supervision via diminution of sentence, with a probation end date of August 13, 2015. [Docket #1:15-cv-511 Doc. #1, p.26] However, on January 2, 2015, Plaintiff was arrested by the Natchitoches Parish Sheriff's Office on a felony stalking charge. [Docket #1:15-cv-511, Doc. #1, p.26] Since Plaintiff was still on probation, a hold was placed for a possible probation/parole violation. In a petition for writ of habeas corpus, Davis complained that stalking

was a misdemeanor, so he should not have received a felony hold from probation and parole and should not have been denied bond. That petition was dismissed because Davis's conviction was not yet final so his claim was unexhausted. [Docket #1:15-511]

Plaintiff filed another petition for writ of habeas corpus in this Court on April 27, 2015, complaining again of his allegedly unlawful pretrial detention. [1:15-cv-1433] It has been recommended that the §2241 petition be dismissed without prejudice for failure to exhaust state court remedies. [1:15-cv-1433, Doc. #5]

In this instant civil rights complaint, Davis is again complaining about the pretrial detention, and seeking a release from custody as well as damages. An exhibit to the complaint provides that Plaintiff was served on January 7, 2015, with a Notice of Preliminary Hearing and Bill of Particulars, notifying Plaintiff of his alleged parole violation. According to the notice, Plaintiff agreed to defer his preliminary hearing and remain in custody until disposition of the pending felony-grade stalking charge. [Doc. #1, p. 9, 14]

*Law and Analysis*

1. **Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin

v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

2.  **Release from custody**

First, to the extent that Plaintiff seeks a release from custody, his claim should be dismissed. Such relief is not available by way of a civil rights action. Generally, civil rights suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). A petition for writ of habeas corpus is the proper vehicle to seek a release from custody. See id. However, as Plaintiff have been informed in prior Report and Recommendations, before filing a habeas petition, Plaintiff must exhaust available state court remedies. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

3.  **Continued Confinement**

Plaintiff contends that he was and remains confined in

violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under §1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff is confined because he was arrested on a warrant charging him with felony stalking under Louisiana Revised Statute 14:40.2. According to his exhibits, it was alleged that on December 25, 2014, Plaintiff caused a disturbance which, combined with earlier complaints, led to a warrant being issued for his arrest for the offense of stalking. [Doc. #1-1, p.3] He had previously been advised by social services and law enforcement that he is to have no contact with the juvenile that he is attempting to contact. [Doc. #1-1, p.3] The stalking statute provides that, "whoever commits the crime of stalking against a victim under the age of eighteen when the provisions of Paragraph (6) of this Subsection are not applicable shall be imprisoned for not more than three years, with or without hard labor, and fined not more than two thousand dollars, or both." Additionally, that statute provides, "Any person who commits the offense of stalking against a person for whose benefit a protective order, a temporary

restraining order, or any lawful order prohibiting contact with the victim issued by a judge or magistrate is in effect in either a civil or criminal proceeding, protecting the victim of the stalking from acts by the offender which otherwise constitute the crime of stalking, shall be punished by imprisonment with or without hard labor for not less than ninety days and not more than two years or fined not more than five thousand dollars, or both." Thus, Plaintiff faces felony stalking charges.

The grounds supporting Plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, Heck bars any claim for monetary damages implying the invalidity of the orders supporting his confinement. As such, his claims for damages are frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

In this case, Plaintiff is not raising a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his innocence of the charges that have been filed against him.

Additionally, while a parole revocation hearing must be tendered within a reasonable time after a parolee is taken into

custody, the constitution does not place a specific time limit, especially when other criminal charges are pending. See Moody v. Daggett, 429 U.S. 78, 87-89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (rejecting the argument that an inmate against whom a parole violator's warrant had been issued was entitled to an immediate disposition); Beck v. Wilkes, 589 F.2d 901 (5th Cir. 1979) (finding that thirteen-month delay between execution of parole revocation warrant and final parole revocation hearing was not unconstitutional). The State of Louisiana gives a person charged with a parole violation the option to defer the preliminary hearing and remain in custody until the pending charges are disposed of. [Doc. #1, p.8-9] Plaintiff selected that option, and chose to defer his parole revocation hearing until disposition of his pending criminal matter. [Doc. #1, p.9]

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 1st day of June [~~May~~], 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE